UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRICKET S. BROWN,<br><br>                        Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>                       Defendant. | Case No.: 17-CV-2222-WQH(WVG)<br><br>**ORDER DENYING MOTION FOR APPOINTED COUNSEL**<br><br>**[Doc. No. 6.]** |

In this appeal of an administrative decision denying Plaintiff's request for additional SSI benefits, she now seeks appointment of *pro bono* counsel. Plaintiff states she has physical ailments, has not been able to find an attorney to take her case on a *pro bono* basis, and she has "overestimate[d]" her abilities to litigate this case.

A plaintiff in a civil case generally has no right to appointed counsel. *See Hernandez v. Whiting*, 881 F.2d 768, 770-771 (9th Cir. 1989). However, federal courts have discretion to request counsel "to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). But appointment of counsel under section 1915 requires a finding of "exceptional circumstances." *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). "A finding of exceptional circumstances requires an evaluation of both the likelihood of success on the merits and the ability of the petitioner to articulate his claims pro se in light

of the complexity of the legal issues involved. Neither of these factors is dispositive and both must be viewed together before reaching a decision." *Id.* (internal quotations omitted).

Here, there is little basis to support a finding of exceptional circumstances at this time. First, the record is not sufficiently developed such that the Court can make a determination on the likelihood of success on the merits. Second, the allegations in the Complaint are not complex. Third, Plaintiff has been able to articulate the gist of her allegations in her Complaint. Finally, *pro se* litigants are afforded some leniency to compensate for their lack of legal training. For example, "[i]n civil rights cases where the plaintiff appears *pro se*, the court must construe the pleadings liberally and must afford plaintiff the benefit of any doubt." *Jackson v. Carey*, 353 F.3d 750, 757 (9th Cir. 2003) (internal citation omitted). This deferential standard also applies to motions. *Bernhardt v. L.A. Cnty.*, 339 F.3d 920, 925 (9th Cir. 2003). Accordingly, plaintiff's *pro se* status will be taken into consideration by the Court when her filings are reviewed.

Based on the foregoing, Plaintiff's Motion for Appointment of Counsel is DENIED. IT IS SO ORDERED.

DATED: January 29, 2018

_____
Hon. William V. Gallo
United States Magistrate Judge